[Cite as *State v. Schreckengost*, 2012-Ohio-347.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

BRION SCHRECKENGOST

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 2011CA00163

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2011CR1974(A) |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY,
STARK COUNTY, OHIO

By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

BERNARD L. HUNT
2395 McGinty Rd. NW.
North Canton, Ohio 44720

*Hoffman, J.*

**(¶1)** Defendant-appellant Brion Schreckengost appeals his conviction entered by the Stark County Court of Common Pleas on one count of complicity to receiving stolen property. The State of Ohio is plaintiff-appellee.

STATEMENT OF THE CASE AND FACTS

**(¶2)** On February 14, 2011, Appellant was indicted on one count of complicity to receiving stolen property, in violation of R.C. 2923.03(A)(2) or (3).

**(¶3)** During an investigation, Pam Nordquist, Appellant's live-in girlfriend, was observed entering several stores and engaging in shoplifting. On December 22, 2010, Nordquist was apprehended for shoplifting at Sears in Jackson Township, Ohio. When Alliance Police Department Detectives executed a search warrant at the apartment Appellant shared with Nordquist they found the apartment filled with clothing, candles, bottles of men's cologne, flash drives, crafting items, and other miscellaneous goods with the price tags and/or store electronic sensors still intact. The store tags indicated the items were from Sears, J.C. Penney's and Pat Catan's. The items were found in every room of the apartment. According to Detective Jim Jones, the items "dominated" the bedroom. The detectives also found shopping lists with clothing items and sizes written thereon. The figure inscribed next to each item was $50.00.

**(¶4)** Appellant and Nordquist were arrested and taken to the Alliance Police Department for questioning. Nordquist admitted to the detectives she had shoplifted the items found in the apartment, and enjoyed shoplifting because it gave her a "rush". She explained she would take orders over the internet for items, steal the same items and then charge fifty dollars for the items on the list.

**(¶5)** Appellant told the detectives he had been with Nordquist on two occasions while she shoplifted, but he did not like going and did not like what she was doing. He acknowledged he knew what she was doing, and he took some pants and shirts from her, cautioning her not to get caught.

**(¶6)** Additionally, Detectives found text messages on Nordquist's phone to Appellant such as "J.C. Penney was a bust; it wasn't crowded enough."

**(¶7)** The total value of the items taken from Sears approximated $700 to $1000. The value of the items stolen from J.C. Penney's approximated $990.00, and the Pat Catan's stolen items' value approximated $1,500.00.

**(¶8)** The matter proceeded to a jury trial on June 21, 2011. The jury returned a verdict of guilty to the charge of complicity to receiving stolen property. The trial court sentenced Appellant to the maximum sentence of twelve months in prison.

**(¶9)** Appellant now appeals, assigning as error:

**(¶10)** "I. THE CONVICTION OF THE APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

**(¶11)** "II. THE APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."

I.

**(¶12)** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

(¶13) We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260.

(¶14) Appellant was convicted of complicity to receiving stolen property, in violation of R.C. 2923.03(A), which reads:

(¶15) "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(¶16) "***

(¶17) "(2) Aid or abet another in committing the offense;

(¶18) "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Ohio Revised Code."

(¶19) Receiving stolen property is defined in R.C. 2913.51(A):

(¶20) "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

(¶21) Appellant admitted he knew Nordquist, whom he lived with, obtained a multitude of clothing and other items through the commission of thefts from Sears, J.C.

Penney and Pat Catan's. Their residence was filled with stolen items, most with price tags and/or electronic store monitoring devices still attached. While he may have had limited involvement in the actual commission of the theft offenses, he knew or had reason to know the items Nordquist gave him, including pants and shirts, were stolen property.

**(¶22)** We find Appellant's conviction for complicity to receiving stolen property is supported by the manifest weight of the evidence. The first assignment of error is overruled.

II.

**(¶23)** In the second assignment of error, Appellant maintains he was denied the effective assistance of trial counsel as his counsel failed to request a motion for acquittal, failed to call witnesses on his behalf, failed to object to an instruction on aiding and abetting and failed to object to the valuation of the items found in the apartment.

**(¶24)** An ineffective assistance of counsel claim requires a showing that counsel's performance was deficient and the deficient performance was prejudicial. *Strickland v. Washington* (1984), 466 U.S. 668. Deficient performance requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Prejudice requires a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* When determining whether counsel's performance was deficient, "a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"*Id. at* 689.

**(¶25)** Assuming, arguendo, counsel's performance was deficient, we find Appellant has not demonstrated the prejudicial effect of said error deprived Appellant of a fair trial.[1]  Appellant himself admitted he knew of Nordquist's activities, and the evidence at trial supports his knowledge.  Further, he admitted Nordquist gave him pants and shirts he knew or had reason to know had been shoplifted.

**(¶26)** The second assignment of error is overruled.

**(¶27)** Appellant's conviction in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

---

[1] Appellant does not identify who would be possible witnesses on Appellant's behalf let alone speculate on what the testimony from such witnesses would be.

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee             :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
BRION SCHRECKENGOST                    :
                                       :
        Defendant-Appellant            :        Case No. 2011CA00163


For the reasons stated in our accompanying Opinion, Appellant's conviction in the Stark County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE